GATE CITY ABSTRACT COMPANY ET AL. V. BERNARD H. POST.

FILED SEPTEMBER 23, 1898.   No. 8195.

1. **Liability of Bonded Abstracter.** The statute relating to bonded abstracters (Compiled Statutes 1897, ch. 73, secs. 65-69) was intended to extend the liability of abstracters beyond the limits fixed by the common law.

2. ———: ACTION BY VENDEE. One who purchases real estate on the faith of a certificate of title furnished to his vendor by a bonded abstracter may maintain an action for damages grounded on the failure of the abstracter to make a proper search and true certificate,

3. **Summons:** EVIDENCE OF SERVICES: SHERIFF'S RETURN. An officer's return on the back of a summons that he served the same "on C., one of the defendants herein," is sufficient evidence of service on J. C. who was named in the writ as a defendant.

4. **Evidence of Official Acts.** A public officer may give evidence of the uniform course of business in his office, for the purpose of showing the performance of a specific official act which it was his duty to perform, but concerning which he has no independent recollection.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

ACTION by Bernard H. Post against Gate City Abstract Company and the sureties on its bond, William Coburn, F. W. Taylor, R. E. Gaylord, Cadet Taylor, Henry O. Devries, J. B. West, and S. K. Spaulding, to recover the amount paid by plaintiff to satisfy a judgment which was a lien on land purchased by him in reliance upon abstracter's certificate that the land was free from incumbrance. From a judgment against defendants they prosecute a proceeding in error. *Affirmed.*

*G. W. Shields* and *F. C. O'Hollaren,* for plaintiffs in error:

The abstracter never had any contract relations with plaintiff. The contract of the abstracter was made with its employer, and it is not liable to third persons. (1 Am. & Eng. Ency. Law 48, note 2; *Savings Bank v. Ward,* 100 U. S. 195; *Thomas v. Carson,* 46 Neb. 765.)

Other references: *Schofield v. Jennings,* 68 Ind. 233; *Metz v. State Bank,* 7 Neb. 165; *White v. Bartlett,* 14 Neb. 320.

*G. W. Doane* and *W. G. Doane, contra:*

Any person aggrieved may sue in his own name for a breach of the bond. (*Sprowl v. Lawrence,* 33 Ala. 674; *Sutherland v. Carr,* 85 N. Y. 105; *State v. Norwood,* 12 Md. 194; *Lea v. Yard,* 4 U. S. 96; *Dodd v. Williams,* 3 Mo. App. 278.)

SULLIVAN, J.

This was an action on an abstracter's bond given by the first named defendant pursuant to the provisions of section 65, chapter 73, Compiled Statutes 1897. The abstract in question was furnished to Michael Fleck, who relied on it in purchasing of Joseph Cammenzind certain real estate situated in Douglas county. The abstracter's certificate, among other things, recited that, "We have examined the records of the district court of Douglas county, Nebraska, and that there are no unsatisfied judgments nor suits pending in said court against Joseph Cammenzind that are liens on said land, prior to the date hereof, as shown by the records of said court." Relying on this certificate the plaintiff purchased of Fleck the land described in the abstract. The recital of the certificate was false. The land at the time was subject to the lien of a judgment for $144.30 in favor of Patrick and against Cammenzind. This judgment, which had been rendered by a justice of the peace and transcripted to the district court, plaintiff discharged. He now demands reimbursement.

The defense to the action was that the liability of an abstracter is contractual, and that the principal defendant never had any contract relations with the plaintiff. While the decisions are not in harmony upon the point, it was probably the doctrine of the common law that an abstracter's liability was only to his employer for negligence or want of skill in the performance of the duties which he had undertaken to discharge, and that he was not ordinarily liable at all to third persons whose action had been influenced by his certificate. (*National Savings Bank v. Ward*, 100 U. S. 195; *Zweigardt v. Birdseye*, 57 Mo. App. 462; *Kahl v. Love*, 37 N. J. Law 5; *Schade v. Gehner*, 133 Mo. 252, 34 S. W. Rep. 576; *Talpey v. Wright*, 61 Ark. 275, 32 S. W. Rep. 1072; *Mallory v. Ferguson*, 50 Kan. 685, 32 Pac. Rep. 410.) And such seems to be the view of the matter taken in *Thomas v. Carson*, 46 Neb. 765,

where POST, J., discussing the question, said: "The cases cited by counsel appear to sustain the proposition contended for as a rule of the common law, although their application to a statute like ours, under which the bonds of abstracters are conditioned for the payment of all 'damage that may accrue to any party or parties by reason,' etc., may well be doubted." The statute here mentioned was enacted in 1887, and is entitled "An act to provide security to the public against errors, omissions, and defects in abstracts of title to real estate and for the use of abstracts in evidence." The first section declares that it shall be unlawful for any person or persons to engage in the business of compiling abstracts of title to real estate for pay without having first executed a bond to the state, with sureties, to be approved by the county judge, "conditioned for the payment by such abstracters of any and all damages that may accrue to any party or parties by reason of any error, deficiency, or mistake in any abstract or certificate of title made and issued by such person or persons." The second section is as follows: "When any abstracter shall have duly filed his bond as above provided, he shall be entitled to receive a certificate from such county judge that said bond has been by him duly approved and filed for record, which certificate shall be valid so long as such abstracter shall maintain his surety upon the bonds as herein provided for, unimpaired, and the possession of such valid certificate, at the date of issuance of any abstract, shall entitle such abstract of title to real estate, certified to and issued by such abstracter, to be received in all courts as *prima facie* evidence of the existence of the record of deeds, mortgages, and other instruments, conveyances, or liens affecting the real estate mentioned in such abstract, and that such record is as described in said abstract of title." (Session Laws 1887, p. 565, ch. 64.) The next section requires a party who desires to use an abstract as evidence on the trial of a cause to serve a copy thereof on his adversary at least three days before the

trial. It will be thus seen that the statute has greatly increased the usefulness of abstracts. By the common law, as we interpret it, the owner of real estate could only utilize an abstract as an argument to reinforce his own assertions concerning the state of his title. It might be persuasive, but was without legal efficacy. He may now use it as evidence in an action to enforce the specific performance of a contract of sale, and in every other form of action in which the validity of his title or the existence or non-existence of liens or incumbrances are questions directly or collaterally involved. The right to use an abstract as evidence is not even limited to the person to whom it is issued. Any one may use it, and any one against whom it is employed may be injured in consequence of the certificate being false. Having thus widened the abstract's sphere of action, it was quite natural that the legislature should also widen the abstracter's liability. This it did, not by an act to provide security for abstracter's clients, or for people dealing with abstracters, but by an act aptly entitled "An act to provide security to the public." Who are the public, within the meaning of this law? In the first section they are comprehensively described as any party or parties to whom damage may accrue in consequence of errors in an abstract. It is matter of common knowledge that titles are generally transferred and incumbered on the faith and credit of certificates furnished by abstracters to the owners of the land. An abstract has become the usual concomitant of every instrument evidencing an interest or ownership in land. Its function is to vouch for the title, to define its character, and afford a reliable basis on which to estimate its marketable worth. That being the case, it seems highly probable that, in adopting the act in question, the legislative design comprehended protection to those who, in dealing with land titles, rely on the correctness of the abstracter's certificate. They stood most in need of legislation of this character, and, being fairly within the description of per-

sons for whose benefit the law was enacted, we feel warranted in holding that they are within its terms.

The point made by the defendants against the validity of the judgment omitted from the abstract is without merit. The action was commenced before a justice of the peace against Joseph Cammenzind and another; and while it is true that the officer's return does not certify in so many words that the process was served on Joseph Cammenzind, it does state what is equivalent thereto, viz., that service was made on "the within named defendants." This was sufficient. Besides, it is disclosed by the record that Joseph Cammenzind personally appeared as a defendant in the action.

It is claimed that the plaintiff could not maintain this action without having first exhausted his other remedies. He might, of course, have sued his grantor on the covenants of warranty contained in his deed, and he might, also, have proceeded against Cammenzind after having taken an assignment of the judgment from Patrick; but we know of no rule of law that required him to do so. The plaintiff's damage resulted from the fault of the abstract company, and consequently its liability to him is a primary one.

Whether the omission of the judgment from the abstract was the fault of the person employed by the abstract company to investigate the title was a question submitted to the jury on proper instructions, and we see no reason to doubt the correctness of the conclusion reached by them.

To show that the Cammenzind judgment was indexed in the office of the clerk of the district court on the day the transcript thereof was filed, the plaintiff introduced evidence of the uniform custom of the clerk in regard to such matters. This evidence was properly received to supplement the legal presumption that the clerk faithfully discharged the duties imposed on him by the statute in relation to transcripted judgments. (1 Greenleaf, Evidence sec. 40; *Owen v. Baker*, 101 Mo. 407.) Mr. Dev-

ries, the person who made the abstract in question, was a witness for the defendants, and, having testified to the search made by him in the office of the clerk of the district court, was asked on cross-examination whether he had examined the execution docket, to which, over objection, he replied that he had not. The inquiry was probably not beyond the scope of a proper cross-examination, and could not in any event have prejudicially affected the defendants' rights, as the court, in its instructions, confined the jury to the question of whether the proper entry had been made in the judgment index. We find no substantial error in the record and the judgment is

AFFIRMED.