## DIAMOND COAL COMPANY v. COOK et al.

### L. A. No. 645; June 23, 1900.

#### 61 Pac. 578.

**Appeal.**—Where Defendant Demurred to the Complaint, but the record did not show that the demurrer was passed on, or that any ruling thereon was called for, but defendant afterward answered, the demurrer must be deemed to have been waived on appeal.

**Pleading.**—In Action Against Two, a Complaint Alleging that plaintiff and defendant, on a certain date, entered into a written agreement, and setting out the agreement, was sufficient as an averment that a certain one of the defendants entered into such agreement.

**Corporation—Presumption of Authority to Take Land.**—Where plaintiff owned a certificate of purchase of state school lands, and the court found that plaintiff was a corporation, but there was no other proof, such certificate is admissible in evidence, as it will be presumed that the corporation had power to purchase and hold lands.

**Vendor and Vendee.**—In an Action to Cancel a Sale of Land to one, and to enjoin another from removing wood therefrom, on which wood the second defendant claimed a lien by virtue of a promise by plaintiff and the other defendant to pay for cutting it, such second defendant cannot object to the validity of the contract of sale between plaintiff and the first defendant, when offered to prove the issues between them.

**Trial—Motion to Strike Out Evidence.**—Where Plaintiff Objected to testimony, and the court reserved decision, and, on reexamination in chief, the evidence was given without objection, it was within the discretion of the court to allow a motion to strike out the evidence without a restatement of the grounds of objection, it being regarded as a renewal of the first objection.

**Statute of Frauds.**—Where Defendant had Cut Wood on plaintiff's property at the instance of a third person, and claimed a payment from plaintiff by virtue of a promise to pay, made after the cutting, but defendant had stated that he would hold the wood until he received payment, and that he did not care whether plaintiff or the third party paid, such promise was within Civil Code, section 1624, subdivision 2, declaring contracts to answer for the debt of another invalid unless in writing; and such promise is not valid under section 2794, subdivision 3, providing that such promise is good where the party receiving it cancels the antecedent obligation, and accepts the new promise as a substitute.

**Vendor and Vendee.**—Where an Action was Brought to Cancel a Contract for the sale of land to one defendant, and to enjoin an-

other from removing wood from the land, and the defendant to the injunction claimed a lien on the wood for cutting it, and asked for foreclosure thereof, the plaintiff's action being equitable, as were also the predominant features of the defense, it was not error for the court to set aside the jury's answers to interrogatories, and substitute findings of his own, though they were contrary to the findings of the jury.

APPEAL from Superior Court, San Bernardino County.

Bill by the Diamond Coal Company against R. L. Cook and H. D. Welch. From a judgment in plaintiff's favor and from an order denying a new trial defendant H. D. Welch appeals. Affirmed.

George B. Cole for appellant; Bledsoe & Bledsoe for respondent.

CHIPMAN, C.—Action to cancel a contract of sale and purchase of land, and for an injunction to prohibit the removal of wood from said land. Certain special issues were submitted to and answered by a jury, but the court set these aside, and made findings of its own, and gave judgment for plaintiff, as prayed for in the complaint. Defendant Welch appeals from the judgment, and from an order denying his motion for a new trial.

1. The defendants appeared by demurrer, alleging that the complaint does not state facts sufficient to constitute a cause of action. There is also an attempt to demur for ambiguity, but the statements are not such as to raise an issue of law on this ground. Defendant Cook did not answer and does not appeal. Defendant Welch answered, and the trial seems to have proceeded as though both defendants were in court. So far as appears by the record, the demurrer to the complaint was not passed upon, and it is not shown that defendants called for any ruling upon it, or called the attention of the court to it in any way. Appellant now claims that "the complaint does not state facts." We presume he means to have us add, "sufficient to constitute a cause of action." The particular wherein it is now claimed that the complaint was lacking in its facts is that there is no distinct averment that defendant Cook entered into the agreement set out in the complaint. The allegation is: "That on the [giving date] plaintiff and defendant entered into a written agreement,

. . . . which agreement is in the words and figures following, to wit." Then follows the agreement in haec verba. This was sufficient. Appellant does not suggest any other defect in the complaint, or other reason why it is insufficient, and we do not feel called upon to look for others. The demurrer must be deemed to have been waived: Silcox v. Lang, 78 Cal. 118, 20 Pac. 297.

Defendant Welch answered, denying ownership of the land by plaintiff; denying the allegations as to Cook's entering into the agreement pleaded, or that Cook failed to perform; denying that Cook fraudulently procured defendant Welch to cut wood from the premises, and denying his own insolvency; alleging that prior to December 19, 1895, the date of the contract, he cut about seven hundred cords of wood on the premises, and delivered at Hesperia about five hundred and fifty cords, and that he had about one hundred and fifty cords on the premises not yet hauled, all of which was with plaintiff's knowledge and consent; that, after this wood was cut, plaintiff agreed to pay defendant Welch for it, and told him that he might look to plaintiff for his pay, and that plaintiff agreed to pay him certain stated prices per cord; admitting that he has threatened to sell the wood, and would have sold it if he had not been restrained. He prays for a dissolution of the injunction, for judgment for $655, and for general relief. In a cross-complaint defendant Welch sets forth the facts as to cutting the wood, as above stated, at plaintiff's instance and request, and alleges the promise of plaintiff to pay him the prices as previously stated in the answer. The cross-complaint further sets forth that he has been in possession of the one hundred and fifty cords of wood not yet delivered, and still is in possession, and that he has a lien thereon for work done and service performed. He prays judgment of foreclosure of his said lien; that said wood—presumably the one hundred and fifty cords—be sold to pay his claim, and "if there should be an overplus, that it be applied in payment of said two hundred cords of wood delivered," etc.; "and if the court should find that cross-complainant is not entitled to have said lien foreclosed, that then cross-complainant have judgment against plaintiff for the cutting of said wood," and that "he have such other and further relief and judgment as are just and equitable in the premises." Plaintiff demurred to the answer and cross-complaint

for insufficiency of facts, and on the ground of ambiguity. The demurrer was not passed upon by the court, and need not be further noticed. Plaintiff answered the cross-complaint, denying its allegations, and averred that defendant Welch was employed by defendant Cook, and that Cook, and not plaintiff, agreed to pay him. The jury returned answers to certain special issues, which the court followed, except in one particular, in its findings of fact. In a running commentary upon the case, appellant makes numerous points in addition to the one already noticed, which will be examined in the order as they appear in his brief.

2. Plaintiff's certificate of purchase, when offered in evidence, was objected to by defendant for several reasons. The only one now urged is that there was no proof that plaintiff corporation was empowered, by charter or otherwise, to hold or own state school lands, or a certificate of purchase of the same. The court found that plaintiff is a corporation, but there was nothing in the case to show the purpose for which the corporation was organized, nor to show the nature of its business. It must be presumed that it had power to purchase and hold land: Stockton Sav. Bank v. Staples, 98 Cal. 189, 32 Pac. 936.

3. The agreement was objected to, when offered in evidence by plaintiff, on the ground that there was no evidence showing that it was executed by authority or resolution of the directors entered on the records of the corporation. The agreement was entered into between defendant Cook and plaintiff. Defendant Welch was not a party to it. The offer was to prove the issues in the case affecting Cook, and not affecting Welch. The only relief sought against Welch was to restrain him from taking wood from plaintiff's land. The invalidity of the contract was immaterial so far as it concerned Welch. He claimed under a separate and distinct contract. Conceding error, it was harmless.

4. Defendant Welch, as a witness in his own behalf, testified that about March 20, 1896, one Kellam, secretary of the plaintiff corporation, came to witness' house, and told him that Cook had forfeited his contract, and no longer had anything to do with the wood, and that he (witness) could look to plaintiff for his pay for the wood. He testified that he had cut the wood with the knowledge of Kellam, but under orders from Cook, and was to receive one dollar and thirty

cents per cord for wood not delivered, and two dollars and thirty cents per cord for wood delivered at the railroad. After he had testified to the promise made by Kellam, it appeared on cross-examination that it was not in writing, whereupon plaintiff objected to the evidence, and moved to strike it out on the ground, among others, that it was incompetent as the promise to answer the default or miscarriage of Cook. The court reserved its ruling, and the trial proceeded. On re-examination in chief the same facts were brought out without objection, and two other witnesses— Welch's wife and his son—who claimed that they were present when Kellam made the promise, testified to the facts without objection. Kellam was recalled in rebuttal, and denied making the promise, whereupon plaintiff moved to strike from the record all evidence concerning the promise of Kellam to Welch, including the testimony of Mrs. Welch and her son, that had been received without objection. The court granted the motion, and defendant excepted. The motion was doubtless regarded as a renewal of the objection made to the testimony of Welch, and to that of his wife and son to the same effect, and in that view it was not necessary to restate the grounds of the motion. It was within the discretion of the court to grant the motion, although the evidence went in without objection. The cases cited by appellant are instances where the court refused to strike out evidence that had not been objected to, which presents a different question from that now here. There was evidence tending to show that Welch was employed by Cook, and was to be paid by Cook. It was after the wood was cut, and some had been disposed of, and plaintiff found that Cook was not keeping his contract, that Welch claims Kellam came to him, and made the promise testified to by Welch and his wife and son. It was clearly a promise to answer for the debt or default of Cook, and was invalid because there was no note or memorandum thereof in writing, subscribed by the party to be charged or by his agent (subdivision 2, section 1624, Civil Code) ; and we do not think the evidence brings the case within the exception mentioned in subdivision 3 of section 2794 of the same code, as claimed by appellant. There was no evidence that Welch canceled the antecedent obligation of Cook, and accepted the new promise as a substitute therefor; nor does it appear that there was any consideration beneficial to plaintiff, moving

from either party to the antecedent obligation. Welch was asked what he said in reply to Kellam, and answered: ''I told him, all right; if Mr. Cook didn't have anything to do with the wood, if he would pay me for it, all right; that I didn't care; and he said that Mr. Cook didn't have anything to do with the wood whatever, and that I could look to the Diamond Coal Company for my pay. Q. And did you? A. Yes, sir; and I have ever since. Q. Have you looked to Mr. Cook since that time for pay? A. No, sir. I didn't consider that he owed me anything. This was the first time I ever saw Mr. Kellam out at my place, and that was the only conversation that I had with him that he promised to pay me anything. Before that time I looked to Mr. Cook for my pay.'' He further testified that he continued to hold possession of the wood, and claimed a lien on it for his pay. Mrs. Welch testified that her husband said the wood should not be removed until he had his money for it. She testified: ''Mr. Welch said that he held his lien on that wood, and that it should not be removed till he got his money. He didn't care who paid it—Mr. Cook or Mr. Kellam.'' We find no evidence that Welch in any way released Cook or canceled Cook's obligation to him, and, so far as the evidence shows, that obligation still exists. Nor can we discover from the evidence that any consideration moved to the promisor, plaintiff, or that Welch suffered any detriment, or forebore or lost any alleged right to or lien upon the wood. He still retained his claim of lien, and is now asserting it. There had been no previous contract relations between Welch and plaintiff to which we can look in aid of the promise now being urged. There may be hardship, and there generally is in this class of cases, in enforcing the rule; but the duty of the court is none the less imperative to administer the law as it finds it.

5. It is urged that the court erred in setting aside the verdict. The jury returned answers to the special issues submitted to it on November 29th, and some days after the trial had closed, to wit, on December 13th following, the court ''set aside the verdict of the jury, and decided said cause in favor of the plaintiff, and ordered that plaintiff have judgment as prayed for, and directed plaintiff's attorneys to draw judgment and findings.'' Defendant contends that this is an action at law, and that defendant was entitled to have the answers of the jury stand. The action was to foreclose

Cook's interest in the contract of purchase. Welch was made a party for the purpose of enjoining him from removing the wood and timber on the land in question. Thus far the action was clearly equitable. Welch admitted his intention to remove the wood unless restrained. He claimed a lien on one hundred and fifty cords of wood, and asked to have the lien foreclosed, and the wood sold to pay his claim for these one hundred and fifty cords, and he also asked to have any surplus of money arising from the sale applied to pay his claim for the two hundred cords of wood delivered at the railroad. The predominant features of Welch's defense are equitable, while the plaintiff's action is purely equitable. Furthermore, defendant made no claim at the trial, as he now does, that his cross-complaint presented grounds for relief at law. The record shows that certain special issues were "settled and allowed as the only special issues to be submitted to the jury." These special issues did not embrace all the issues presented by the pleadings. The verdict was merely advisory to the court, and, unless adopted by the court, could be disregarded, and the court could make findings of fact: Warring v. Freear, 64 Cal. 54, 28 Pac. 115.

6. For like reason it was not error for the court to find an issue of fact contrary to the verdict of the answer given by the jury to that issue; and also for like reason it was not error for the court to refuse to instruct the jury as requested by defendant. The findings support the judgment, and it is advised that the judgment and order be affirmed.

We concur: Gray, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.