(March 29, 1919.)

THE CITIZENS RIGHT OF WAY COMPANY, LTD., a Corporation, Respondent, v: J. L. AYERS, Administrator of the Estate of JOSEPH F. AYERS, Deceased, Appellant.

[179 Pac. 954.]

PLEADINGS AND ERROR—ASSIGNMENT OF ERROR—INSUFFICIENCY OF EVIDENCE TO SUPPORT THE FINDINGS—ADVERSE POSSESSION—PAYMENT OF TAXES.

1. Under C. L., sec. 4434, a specification in the brief on appeal of the insufficiency of the evidence to support the findings is required in order to bring before this court for review the question of such insufficiency.

2.   Under C. L., sec. 4043, it is necessary to prove the payment of all taxes, state, county or municipal, levied and assessed upon the property in question during five years, consecutively, in order to sustain claim of title to real property by adverse possession.

[As to adverse possession, see note in 45 Am. St. 376.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action to quiet title.   Judgment for plaintiff.   *Affirmed.*

Cavanah & Blake, for Appellants.

The open, notorious and continued possession of the property in question by the appellants for the required period of time, and the payment of taxes by them during such period, was of far greater significance than the payment of taxes by the supposed true owner. (*Owsley v. Matson,* 156 Cal. 401, 104 Pac. 983; *People's Water Co. v. Lewis,* 19 Cal. App. 622, 127 Pac. 506; *Illinois Central R. Co. v. Houghton,* 126 Ill. 233, 9 Am. St. 581, 18 N. E. 301, 1 L. R. A. 213.)

The adverse possession need not be under a rightful claim or under a muniment of title. (*Pittsburgh C., C. & St. L. Ry. Co. v. Stickley,* 155 Ind. 312, 316, 58 N. E. 192; *Illinois Cent. R. Co. v. O'Connor,* 154 Ill. 550, 39 N. E. 563; *Illinois Cent R. Co. v. Moore,* 160 Ill. 9, 43 N. E. 364.)

Chas F. Reddoch and Richard H. Johnson, for Respondent.

The adverse claimant must not only occupy the property adversely, but he must pay the taxes five years continuously before an adverse title is acquired. (*Carpenter v. Lewis,* 119 Cal. 18, 50 Pac. 925; *Cavanaugh v. Jackson,* 99 Cal. 672, 34 Pac. 509; *Webber v. Wannemaker,* 39 Colo. 425, 89 Pac. 780; *Turner v. Ladd,* 42 Wash. 274, 84 Pac. 866; *Clayton v. Feig,* 188 Ill. 603, 59 N. E. 245; *Rio Grande Western Ry. Co. v. Salt Lake Inv. Co.,* 35 Utah, 528, 101 Pac. 586.)

Whatever possession appellants had of the right of way was not hostile to respondent's possession, but permissive.   The burden of proving all the essential elements of adverse pos-

session, including its hostile character, is upon the party rely-ing upon such possession. (*De Frieze v. Quint*, 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Mauldin v. Cox*, 67 Cal. 387, 392, 27 Pac. 804; *Tippenhauer v. Tippenhauer*, 158 Ky. 639, 166 S. W. 225; *Fuller v. Worth*, 91 Wis. 406, 64 N. W. 995; *Northern Counties Inv. Trust v. Enyard*, 24 Wash. 366, 64 Pac. 516; *Roberts v. Sioux City etc. Ry. Co.*, 73 Neb. 8, 10 Ann. Cas. 992, 102 N. W. 60, 2 L. R. A., N. S., 272; *East Tennessee V. & G. Ry. Co. v. Telford's Exrs.*, 89 Tenn. 293, 14 S. W. 776, 10 L. R. A. 855; *Virginia & S. W. Ry. Co. v. Crow*, 108 Tenn. 17, 64 S. W. 485; *Hooper v. Acuff* (Tex. Civ.), 159 S. W. 934; *Smith v. Algona Lumber Co.*, 73 Or. 1, 136 Pac. 7, 143 Pac. 921.)

"A prescriptive title cannot be founded upon use and occu-pation which is not adverse to the title of the owner, but which is under permission of such owner." (*Davis v. Devanney*, 7 Ida. 742, 65 Pac. 500; *Allerton v. Steele*, 59 App. Div. 622, 69 N. Y. Supp. 594; *City of St. Joseph v. Seel*, 122 Mich. 70, 80 N. W. 987; *Smith v. Hitchcock*, 38 Neb. 104, 56 N. W. 791, 793; *Root v. Woolworth*, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. ed. 1123; 1 Cyc. 1032, see, also, Rose's U. S. Notes.)

RICE, J.—This is an action to quiet title, brought by re-spondent corporation. The property involved is a strip of land, 100 ft. in width, acquired by respondent's predecessor for railroad purposes. Joseph F. Ayers, the original defend-ant in the action, pleaded title by adverse possession. After the appeal was perfected Joseph F. Ayers died, and J. L. Ayers, administrator of his estate, was substituted in this court as appellant.

In 1884, Joseph F. Ayers, by warranty deed, conveyed the strip of land to respondent's predecessor in interest. Ayers had his entire tract of land inclosed with a good substantial fence, including the land in question. About the year 1890, he plowed down the grade on the strip of land and began to cultivate the same, and continued his possession and cultiva-tion thereof until the commencement of this action.

The trial court found that the tract of land involved in this action was assessed for taxation each and every year from the year 1884 to the year 1914, and that respondent, and its predecessors in interest, have paid all taxes, state, county and municipal, which have been levied thereon. The court also found that Joseph F. Ayers, during the same period of time, paid taxes upon the government subdivision through which that portion of the right of way in question passes, the property being described as the SW. ¼ of Sec. 9, Tp. 4 N., R. 1 W., B. M.; that during the years 1887, 1888, 1889 and 1890, the property upon which Ayers paid taxes was described as the said SW. ¼ "less six acres," and during the years 1899 and 1900, the property was described as 38½ acres of said SW. ¼. The court also found that respondent, and its predecessors in interest, paid taxes upon the strip of land in question each and every year prior to the time Ayers paid taxes thereon, except the years 1888 and 1893, in which years Ayers made the payment first. It was also found that Ayers never at any time caused said strip of land to be separately assessed to himself, and never paid any taxes separately upon it. The court further found that Ayers, without asserting any adverse right or claim as against the respondent, used and cultivated the strip of land in controversy in this action to the same extent and in like manner as his other premises, but that appellant never at any time notified respondent, its officers or agents, that he claimed adversely any part of said strip of land.

The foregoing findings are not called in question unless it be by the first specification of error, which is as follows:

"The court erred in not finding that appellant Ayers . . . . [was] in the open, notorious, continued, uninterrupted, peaceful and adverse possession and occupancy of the land in controversy during all the times mentioned."

C. L., sec. 4434, provides that the reporter's transcript of the testimony, when settled, shall have the force and effect of a bill of exceptions duly settled and allowed, and shall be deemed adequate to present for review any question of in-

sufficiency of the evidence which may afterwards be properly presented by specification of insufficiency in the brief on appeal.

In *State v. Maguire*, 31 Ida. 24, 169 Pac. 175, it was held that the record on appeal in a criminal case, which contains a reporter's transcript, does not present the question of the insufficiency of evidence to support the verdict unless the appellant in his brief points out the particulars in which the evidence is claimed to be insufficient.

There is no substantial difference between the requirements of the criminal statutes and those of the civil statutes in this particular. A specification of the insufficiency of the evidence to support the findings in the brief of appellant is required in order to bring before this court for review the question of such insufficiency. The quotation from appellant's brief cannot be construed to contain a specification of the insufficiency of the evidence to support the findings of the court, much less are the particulars pointed out in which it is claimed that the evidence is insufficient.

The foregoing discussion is called for, for the reason that a stipulation of facts appearing in the record, upon which the findings of the court were, in part, based, contains an abstract of the assessment-roll of Ada county showing the descriptions by which the right of way in question was assessed during all the times mentioned. If the stipulation of facts is subject to examination by this court, a grave question would arise, on account of the indefiniteness of the description of the property, as to whether the evidence is sufficient to sustain the finding of the trial court that the right of way in question had been assessed for taxation during each of the years mentioned.

Not only is this question not presented for review by appellant's specification of error, but appellant apparently concedes the contrary to be true. In the opening sentence of the argument in his brief it is stated that there would seem to be no disputed question of fact whatever. Moreover, the entire argument of appellant is predicated upon the proposi-

tion that respondent paid the taxes upon the right of way in question during all the years mentioned. We cannot go behind the findings to determine a question not presented to this court and apparently not presented to the court below.

In view of the findings of the trial court, the judgment must be affirmed. Not only did the court fail to find that appellant's intestate had been in the open and adverse possession and occupancy of the land for a period of five consecutive years, but, on the contrary, did find that he had used and cultivated the strip of land in controversy without asserting any adverse right or claim against respondent. In some cases where real property is claimed through adverse possession, double assessment thereof and payment of taxes both by the claimant and the owner of the paramount title, without fault on the part of either, may present a question of considerable difficulty. In this case, however, the assessments to appellant's intestate of the subdivision through which the right of way passes does not amount to double assessment of the right of way. (See *St. Louis etc. Co. v. Warfel,* 163 Ill. 641, 45 N. E. 169.)

Appellant's intestate failed to pay all taxes, state, county or municipal, levied and assessed upon the right of way according to law during any five consecutive years of the time mentioned in the answer, which is an essential element in the proof of title by adverse possession under C. L., sec. 4043.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.