(May 29, 1924.)

## R. D. MERRILL and GUS ISENBERG, Copartners, Doing Business Under the Firm Name and Style of MERRILL & ISENBERG, Respondents, v. FREMONT ABSTRACT COMPANY, a Corporation, Appellant.

[227 Pac. 34.]

REAL ESTATE—ABSTRACT OF TITLE—OMISSION OF INSTRUMENT—LIABILITY OF ABSTRACTER — MOTION FOR NONSUIT — SUFFICIENCY OF MOTION — IMMATERIAL VARIANCE — APPEAL AND ERROR — ASSIGNMENTS OF ERROR—INSUFFICIENCY OF—DEMURRER.

1. A party purchasing real property has a right to rely upon an abstract of title covering such property furnished to his vendor and properly certified to by a bonded abstracter, and where such abstract, through the negligence of the abstracter, fails to include a mortgage upon the property so purchased and the vendee is thereafter compelled to satisfy such mortgage by payment thereof, the vendee has a right to maintain an action to recover such damages thus sustained, and this right is not limited to an action upon the bond required to be given under the provisions of C. S., sec. 2262.

2. The relief afforded by the provisions of C. S., sec. 2262, on account of error, omission or deficiency in an abstract of title, extends not only to the person ordering and paying for the abstract, but to all persons relying upon such abstract who suffer damage by reason of such error, omission or deficiency.

3. A motion for nonsuit should be specific and a motion stating that the proof wholly fails to show any liability on the part of the defendant is too general to be considered.

4. Reversal cannot be predicated upon an immaterial variance between the allegations of the complaint and the proof offered in support thereof where the appellant was not prejudiced in making his defense.

5. Where insufficiency of the evidence to support the judgment is assigned as error and appellant fails to point out the particulars of insufficiency in his brief, such assignment of error will not be considered by this court.

Publisher's Note.

Liability of abstracter of title on account of abstract made by him, see notes in 72 Am. St. 315; 12 Ann. Cas. 410; Ann. Cas. 1912B, 840; Ann. Cas. 1915D, 448; Ann. Cas. 1918E, 93.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action to recover damages sustained by reason of error in abstract of title to certain real estate. Judgment for plaintiff. *Affirmed.*

Peterson & Coffin and E. G. Frawley, for Appellant.

"An abstracter's liability for damages arising from negligence or want of due care in making an examination of records and in preparing an abstract of title is contractual." (*Bremerton Development Co. v. Title Trust Co.,* 67 Wash. 268, 121 Pac. 69.)

Such liability extends only to the person by whom the abstracter was employed. There must be a contract or privity of contract to create the liability as it does not originate in tort. (*Russell & Co. v. Polk County Abstract Co.,* 87 Iowa, 233, 43 Am. St. 281, 54 N. W. 218; *Equitable Bldg. & Loan Assn. v. Bank of Commerce & Trust Co.,* 118 Tenn. 678, 12 Ann. Cas. 407, 102 S. W. 901, 12 L. R. A., N. S., 449; *Thomas v. Guarantee Title & Trust Co.,* 81 Ohio St. 432, 91 N. E. 183, 26 L. R. A., N. S., 1210; 13 C. J. 701; *Talpey v. Wright,* 61 Ark. 275, 54 Am. St. 206, 32 S. W. 1072; *Mechanics' Bldg. Assn. v. Whitacre,* 92 Ind. 547; *Security Abstract of Title Co. v. Longacre,* 56 Neb. 469, 76 N. W. 1073; *Glatwatz v. People's Guaranty Search Co.,* 49 App. Div. 465; 63 N. Y. Supp. 691; *National Sav. Bank v. Ward,* 100 U. S. 195, 25 L. ed. 621.)

In every instance where an abstracter has been held liable for errors or omissions to one not in privity of contract with him, such liability was by virtue of a statute similar to the one in this state; that is to say, suit has always been brought upon the bond conditioned as by the statute directed. (*Crook v. Chilvers,* 99 Neb. 684, 157 N. W. 617; *Arnold & Co. v Barner,* 91 Kan. 768, Ann. Cas. 1915D, 446, 139 Pac. 404; *Gate City Abstract Co. v. Post,* 55 Neb.

742, 76 N. W. 471; *Sackett v. Rose,* 55 Okl. 398, 154 Pac. 1177.)

Suits in the above cases were all brought upon the abstracter's bonds, whereas the present suit is direct, no mention being made of a bond, nor is there any allegation or proof that the defendant complied with the statute, or that the action is brought under the statute.

C. Redman Moon and Thos. B. Hargis, for Respondent.

An abstracter of title is liable on his bond to pay all damages that may accrue to any person by reason of any incompleteness, imperfection or error in any abstract furnished by him and relied on by such person to his injury, and such liability is not confined to the person for whom he makes or furnishes an abstract. (*Scott v. Jordan,* 55 Okl. 712, 155 Pac. 499; *Sackett v. Rose,* 55 Okl. 398, 154 Pac. 1177; *Washington County Abstract Co. v. Harris,* 48 Okl. 577, 149 Pac. 1075; *Leeper v. Patton* (Okl.), 215 Pac. 421; *Goldberg v. Sisseton Loan & Title Co.,* 24 S. D. 49, 140 Am. St. 775, 123 N. W. 266.)

There are no exceptions shown by the decisions to the liability of an abstracter in states having statutes similar to ours and holding the abstracter liable to any person relying upon the abstract irrespective of the individual to whom, or for whom the abstract was furnished. Abstracts have, by reason of these statutes and the bonds given by the abstracter, been given greater weight and power than those considered under the contractual theory alone and it is no doubt due largely to this fact that abstracters are held to strict liability for the damage flowing from errors in their abstracts, irrespective of the person to whom furnished. (*Western L. & S. Co. v. Silver Bow Ab. Co.,* 31 Mont. 448, 107 Am. St. 435, 78 Pac. 774; *Economy Bldg. & Loan Assn. v. West Jersey T. & G. Co.,* 64 N. J. L. 27, 44 Atl. 854; *Dickle v. Nashville Abstract Co.,* 89 Tenn. 431, 24 Am. St. 616, 14 S. W. 896; *Denton v. Nashville Title Co.,* 112 Tenn. 320, 79 S. W. 799; 1 Am. & Eng. Ency. of Law, 211; *Gates*

*City Ab. Co. v. Post,* 55 Neb. 742, 76 N. W. 471; *Crook v. Chilvers,* 99 Neb. 684, 157 N. W. 617.)

BUDGE, J.—This action was brought by respondents, to recover damages from appellant on account of its alleged negligence in the preparation of an abstract of title to certain real property whereby an instrument was omitted from the same. The amended complaint, which is unverified, alleges that on October 29, 1917, appellant made, compiled, and delivered to one, J. F. Burnham, at his request, an abstract of title covering certain property in Fremont county, certified to date, and through mistake and fraud omitted therefrom a mortgage upon such property given by J. F. Burnham and wife to the Consolidated Wagon & Machine Company, which on August 30, 1920, amounted to $495.15 and which was duly recorded in Fremont county on April 19, 1915. On March 4, 1918, respondents purchased the property covered by the said abstract, relying thereon. Subsequently, by warranty deed they conveyed the property to one H. E. Bowman. Thereafter and under the terms of the warranty deed to Bowman respondents were compelled to and did pay and satisfy the said mortgage. Demand was thereupon made upon appellant for reimbursement, which was refused. Whereupon this action was brought to recover from appellant the amount expended in satisfaction of the mortgage. A general and special demurrer was filed to the amended complaint but the record fails to disclose the action taken by the court thereon. To the amended complaint appellant answered denying each and every allegation contained therein. Upon the issues thus framed the cause was tried to the court sitting without a jury. No findings of fact or conclusions of law appear in the record and it will be presumed that the same were waived. Judgment was rendered in favor of respondents in the sum of $544.21, with interest and costs, from which judgment this appeal is taken.

Appellant specifies as error the action of the court in overruling its demurrer to the amended complaint. The

record is silent as to the action of the court upon the demurrer. In the case of *Glavin v. Salmon River Canal Co., Ltd., ante.,* p. 3, 226 Pac. 739, this court held: "Where the record is silent as to the action of the court upon a demurrer, the demurrer will be deemed to have been waived."

To the same effect see *Diamond Coal Co. v. Cook,* 6 Cal. Unrep. 446, 61 Pac. 578; *Burns v. Stolze,* 111 Wash. 392, 191 Pac. 642. It therefore follows that this assignment of error is not properly here for consideration, but since both parties, in their briefs, have treated the demurrer as though overruled, we have concluded to dispose of the question of the sufficiency of the complaint. It is the contention of appellant that the complaint fails to state a cause of action in that it affirmatively appears therefrom that the abstract of title was furnished at the request of Burnham, the original owner of the property and that the abstracter's liability, if any, for damages arising from his negligence or want of due care in making, compiling and certifying to the abstract of title is contractual and therefore binding only on the parties to the contract, that there was no privity of contract between respondents and appellant, neither can the action be converted into an action in tort since the duty to make the abstract correctly was created solely by contract and its breach is therefore merely a breach of contract. The general rule would seem to be that the liability of an abstracter in the absence of statute depends upon the privity of contract so that the abstracter furnishing an abstract to one person is not held liable to another using the same, for omissions or negligence, where the abstracter had no notice or knowledge that the abstract was for anyone other than the person ordering it. Unless, therefore, there is a statutory liability and the rule of the common law has been abrogated, respondents were without a remedy against appellant. The precise question presented by the demurrer has never been before this court so far as we are informed or have been able to ascertain from such investigation as we have been able to make.

C. S., sec. 2262, provides that:

"It shall be a misdemeanor for any person or persons to engage in the business of compiling abstracts of title to real estate, in the state of Idaho, and demand and receive pay for the same, without first filing in the office of the probate judge of the county in which such business is conducted, a bond to the state of Idaho, in the penal sum of $10,000, with not less than three sureties, residents of the county, conditioned for the payment by such abstracters of any or all damages that may accrue to any party or parties, by reason of any error, deficiency or mistake, in any abstract or certificate of title, made and issued by such person or persons."

Under the authorities the rule would seem to be that under statutes requiring abstracters to give bond for payment of any damages to any party through error made by the abstracter the latter is liable to a purchaser of the premises, the abstract of title to which is prepared by the abstracter and such abstract certified to as including all conveyances, liens, encumbrances and judgments covering the property which are of record in the county where the land is situated, without regard to who paid for the abstract or ordered it but who suffered injury by reason of the omissions, errors or mistakes made by the abstracter therein. It is well settled that an abstracter is liable for damages resulting from errors or defects in an abstract furnished by him, which are attributable to a lack of proper care or skill in the performance of his duties but he is not liable as a guarantor or insurer. (1 Corpus Juris, p. 368, sec. 11.) It will be noticed from the provisions of C. S., sec. 2262, *supra,* that any abstracter who demands and receives pay for an abstract shall file a bond in the sum of $10,000 with not less than three sureties conditioned for the payment by such abstractor of any or all damages that may accrue to any party or parties by reason of any error, deficiency or mistake. While it is true in the instant case that this action is not brought upon the bond required under the provisions of C. S., sec. 2262, *supra,* the right of recovery as against the abstracter would not be defeated by reason of

the fact that it failed to give the bond. There is nothing in the record to show whether a bond was given or not. The party injured may waive his right to sue upon the bond and bring his action directly against the abstracter. His right of action upon the bond is not exclusive but cumulative. The rule stated in the case of *Gate City Abstract Co. v. Post,* 55 Neb. 742, 76 N. W. 471, correctly states the principle of law that should be invoked under the facts of this case, to wit:

"One who purchases real estate on the faith of a certificate of title furnished to his vendor by a bonded abstracter may maintain an action for damages grounded on the failure of the abstracter to make the proper search and true certificate."

In the course of that opinion, the court, referring to one who purchases real estate on the faith of the certificate of title furnished by an abstracter, says:

"In adopting the act in question the legislative design comprehended protection to those who, in dealing with land titles, rely on the correctness of the abstracter's certificate. They stood most in need of legislation of this character, and, being fairly within the description of persons for whose benefit the law was enacted, we feel warranted in holding that they are within its terms."

In the case of *Scott v. Jordan,* 55 Okl. 712, 155 Pac. 499, the court said:

"Usually the purchaser or mortgagee relies upon the correctness of the abstract, and if he does so to his injury, the abstract company is liable to him, upon its bond, on account thereof, under said section. This statute widens the sphere of an abstracter from that of the common law, and his liability is likewise widened."

It would seem clear from a reading of C. S., sec. 2262, that it was evidently the intention of the legislature to include within its protection any person that might suffer damage by reason of the neglect or omission of the abstracter in making his abstract, and where it appears that there are errors, deficiencies or mistakes in any abstract of title, due

to the carelessness or fraud of the abstracter and damages result therefrom, the person suffering such damage may recover the same from the abstracter furnishing such abstract. Appellate courts in states having similar statutory provisions to ours have so held. (*Gate City Abstract Co. v. Post, supra; Goldberg v. Sisseton Loan & Title Co.*, 24 S. D. 49, 140 Am. St. 775, 123 N. W. 266; *Brown v. Sims,* 22 Ind. App. 317, 72 Am. St. 308, 53 N. E. 779; *Dickle v. Nashville Abstract Co.*, 89 Tenn. 431, 24 Am. St. 616, 14 S. W. 896.)

Appellant next assigns as error the action of the court in overruling its motion for nonsuit, which is based upon two grounds: First, that the proof wholly failed to show any liability on the part of the defendant; and second, that the action was instituted by Merrill & Isenberg, a copartnership, and that the payment herein sued for was upon a guaranty contained in a deed given by the individual members of the partnership and their respective wives, and that the partnership was not liable under such guaranty and that it had no standing in court. As to the first ground, the same is too general inasmuch as the particular failure of proof is not set out in the motion:

"A motion for a nonsuit should be specific, and a motion stating that the evidence fails to show negligence or carelessness is too general to be considered." (*Barlow v. Salt Lake & U. R. Co.*, 57 Utah, 312, 194 Pac. 665.)

"Motion for nonsuit, if in general terms, failing to specify any particular defect in the evidence, should be disregarded." (*In re Soale,* 31 Cal. App. 144, 159 Pac. 1065.)

"A motion for nonsuit on the ground 'that plaintiff has wholly failed to prove his case' is insufficient, as it does not call attention to the particular matters relied on." (*Security Inv. Co. of San Bernardino v. Bartram,* 54 Cal. App. 540, 202 Pac. 337.)

To the same effect, see *White v. Rio Grande W. Ry. Co.*, 22 Utah, 138, 61 Pac. 568; *Lewis v. Silver King. Min. Co.*, 22 Utah, 51, 61 Pac. 860.

There is no merit in the second ground of the motion for the reason that at most it is but an immaterial variance

between the allegations of the complaint and the proof offered in support thereof and does not constitute reversible error and appellant was not prejudiced in making its defense. C. S., sec. 6722, provides that:

."No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

Appellant's last assignment of error specifies the insufficiency of the evidence to sustain the judgment but fails to set forth the particulars in which it is insufficient. This court has held on numerous occasions, without seeming effect, that an assignment of insufficiency of the evidence to support the judgment will only be considered provided a specification of the particulars in which the evidence is insufficient to sustain the judgment is made in appellant's brief filed with the supreme court. (C. S., sec. 6886; *McDonald v. North River Ins. Co.*, 36 Ida. 638, 213 Pac. 349; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *Hurt v. Monumental Mercury Min. Co.*, 35 Ida. 295, 206 Pac. 184; *Citizens' Right of Way Co., Ltd., v. Ayers*, 32 Ida. 206, 179 Pac. 954; *Weber v. Pend D'Oreille Mining & Reduction Co.*, 35 Ida. 1, 203 Pac. 891.)

The judgment of the lower court should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.

WM. E. LEE, J., Dissenting.—The liability of an abstracter for damages arising from negligence or a want of due care in the preparation of an abstract of title is con-. tractual; and, in the absence of statute, an abstracter is ordinarily liable only to the person to whom he furnishes the abstract. The respondents here were not the purchasers of the abstract and the majority opinion concedes that the only right to a recovery is based upon the statute. (C. S., sec. 2262.) In my opinion, the only recovery that can be had under the statute is upon the bond. It must be borne

in mind that C. S., sec. 2262, is a penal statute. It makes it a misdemeanor for any person to engage in the business of compiling abstracts of title to real estate for pay without first filing a bond conditioned upon the payment by the abstracter of any damages that may accrue to any person by reason of any mistake, etc., in the abstract or certificate. However, I am unable to discover any language in this penal statute that in any manner extends the ordinary liability of an abstracter. It is true that the bond is conditioned for the payment of damages to any person who suffers damages, but in the absence of any language which, under a reasonable construction, might be held to extend the ordinary common-law liability, it appears to me that the only intent the legislature had was to compel abstracters to furnish a bond conditioned for the payment of any liability to which the abstracter was then subject.