(April 17, 1922.)

## S. J. HAWKINS, Appellant, v. C. H. SMITH, Respondent.

[205 Pac. 188.]

ASSIGNMENT OF ERROR—INSUFFICIENCY OF EVIDENCE TO SUPPORT VER-
DICT OR JUDGMENT—CONTRACT TO SELL PERSONAL PROPERTY—TIME
OF DELIVERY—TIME OF THE ESSENCE OF CONTRACT—BREACH OF
CONTRACT—WAIVER OF.

1. Where appellant fails in his brief to point out wherein the
evidence is insufficient to support the verdict or judgment, the
question of the insufficiency of the evidence will not be consid-
ered.

2. Time is of the essence of a contract of sale where the con-
tract provides for delivery between certain dates by the vendor
of perishable farm products of a fluctuating value to cars to be
provided by the vendee, and it is contemplated that such delivery
shall be made direct from the field as the crop is harvested.

3. Waiver is the voluntary abandonment or relinquishment by
a party of some right or advantage, and does not necessarily de-
pend upon any new or additional consideration. But in such a
case it must appear that the adversary party has acted in reliance
upon such waiver and altered his position so that he will be
prejudiced, in order to prevent the party not in default from
treating the contract as discharged or from declaring the contract
discharged.

APPEAL from the District Court of the Fourth Judicial
District, for Cassia County. Hon. Wm. A. Babcock, Judge.

Action for damages for breach of contract. Judgment for
defendant. *Affirmed.*

Lee & Thomas, for Appellant.

Where, after the expiration of the time limit for perform-
ance, both parties have treated a contract as still in force,
neither party may rescind without setting a new limit, and
giving the other party a reasonable opportunity to perform.
(*Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965.)

"Where time is agreed to be the essence of a contract,
but both parties have by their course of action waived a

prompt performance, or where one party has permitted the other for a long time to become slack in his performance, he cannot suddenly change his course of action after thus lulling the other into a sense of security, and declare a forfeiture without notice first that, if the other does not promptly perform, the forfeiture will be declared.'' (*Bowers v. Bennett,* 30 Ida. 188, 196, 164 Pac. 93; 9 Cyc. 608D.)

S. T. Lowe, for Respondent, files no brief.

BUDGE, J.—This action was brought by appellant to recover damages for an alleged breach of contract for the sale of potatoes.

From the record it appears that on October 13, 1916, appellant by his agent Polley entered into a contract with respondent in which the latter, in consideration of $50 paid to him, agreed to sell to appellant and to deliver from the field to cars at Beetville loading station, Cassia county, three carloads of potatoes between October 13th and 20th, at an agreed price of $1.40 per hundred pounds; that respondent began to dig his potatoes on October 17th and on that day five wagons were loaded and ready for delivery on the morning of the 18th, which, due to the failure of appellant to furnish cars, with the balance of the crop as the digging and hauling from the field progressed, were unloaded and covered with hay in an effort to keep them from freezing, but that some 200 sacks of potatoes were damaged by freezing; that respondent kept in constant communication with Polley to learn when cars would be available not only up to October 20th, but for four or five days thereafter, but no cars were provided by appellant at the loading station prior to October 25th or 26th, and at said time respondent notified Polley that the contract had been broken and he would not make delivery.

In his complaint, appellant prayed for damages in the sum of $50 for moneys paid and $630 for the difference between the contract price and the price appellant claimed he was forced to pay in a rising market to secure potatoes in lieu

of those engaged from respondent to fill orders already contracted, while in respondent's answer and cross-complaint he set up appellant's failure to furnish the three cars as agreed, his readiness and ability to deliver at all times between the 13th and 20th, and claimed $462 for damages suffered through loss of potatoes frozen while waiting an opportunity to deliver.

The cause was tried to the court and a jury. Verdict was returned against appellant upon his complaint and in favor of respondent upon his cross-complaint, in the sum of $50 and costs. From the judgment entered thereon, plaintiff has appealed and assigns as error the action of the court in entering judgment against him for the reason that the verdict is against the law; that the evidence is insufficient to justify or support the verdict or judgment; that the verdict is against the law, and that the uncontradicted evidence and the law applicable thereto compel a judgment in appellant's favor.

Appellant has failed to point out wherein the evidence is insufficient, and this question will not be considered. (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *Citizens' Right of Way Co., Ltd., v. Ayers*, 32 Ida. 206, 179 Pac. 954; *Weber v. Pend d'Oreille Min. & R. Co., ante*, p. 1, 203 Pac. 891; *Hurt v. Monumental Mercury Min. Co., ante*, p. 295, 206 Pac. 184.)

In his brief appellant states that "There is but one point in this case, 'Did or did not respondent by his conduct waive his right to rescind the contract on October 25th or 26th?' "

It appears that respondent telephoned to Polley for four or five days after October 20th, making inquiry as to whether cars were available at the loading station, and appellant urges that both parties having treated the contract as still in force, neither party might rescind it without setting a new time limit and giving the other party a reasonable opportunity to perform, and cites in support of this contention (*Kessler v. Pruitt*, 14 Ida. 175, 93 Pac. 965, and *Bowers v. Bennett*, 30 Ida. 188, 164 Pac. 93.)

These cases, however, relate to contracts for the sale of real property, where the party in default had altered his position in reliance upon a waiver of the breach, and appear to have no application to a contract for the sale and delivery of personal property, where the failure of the vendee to obtain cars has made it impossible for the vendor to make delivery in the manner contemplated at the time the contract was entered into.

Although there is no express provision in the contract, so far as shown by the memorandum signed by respondent, which makes time of the essence of the contract, yet when taken as a whole and construed in connection with the surrounding facts and circumstances it is evident that the parties intended that time should be of the essence of the contract, and full effect should be given to such intention. (4 Page on Contracts, 2d ed., sec. 2108, p. 3663; *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 226.) A contract for the sale of chattels, especially those of a fluctuating value, is a contract of which time is of the essence. (*Norrington v. Wright,* 115 U. S. 188, 6 Sup. Ct. 12, 29 L. ed. 366; *Sunshine Cloak & Suit Co. v. Roquette,* 30 N. D. 143, 152 N. W. 359, L. R. A. 1916E, 932.) In *White v. Wolfe,* 185 Pa. St. 369, 39 Atl. 1011, it was held that delay by the vendor in making delivery which prevented the vendee from cataloguing and advertising the clothing sold entitled the latter to cancel the order. Time is of the essence of a contract of sale in which the vendee undertakes to furnish cars upon which potatoes grown by the vendor are to be loaded and the contract provides that delivery is to be made by the vendor between certain dates and it is contemplated that delivery shall be made as the potatoes are dug, direct from the field to the cars.

It is clear from the contract that the vendee was to provide cars for shipment of the crop between October 13th and 20th, and his omission to do so, in accordance with the terms of the contract, was a breach thereof.

The case of *Wm. B. Hughes Produce Co. v. Pulley,* 47 Utah, 544, 155 Pac. 337, L. R. A. 1916D, 728, bears a close

analogy to this case. In that case the court said: "Where a contract for the sale of potatoes required their delivery in sacks, the sacks to be furnished by the buyer, and he failed to furnish the sacks, he could not thereafter recover for breach of contract when the seller sold them to another party; the condition requiring the buyer to furnish the sacks being a material portion of the contract and prerequisite to delivery of the potatoes to him."

The question then arises whether, by calling upon appellant for four or five successive days after the termination of the period within which delivery was to be made to furnish cars, respondent waived the provision as to time of performance.

Waiver is the voluntary abandonment or relinquishment by a party of some right or advantage (*Draper v. Oswego County Fire Relief Assn.*, 190 N. Y. 12, 82 N. E. 755), and does not necessarily depend upon any new or additional consideration. (*Mahaska County State Bank v. Crist*, 87 Iowa, 415, 54 N. W. 450.) But in such a case it must appear that the adversary party has acted in reliance upon such waiver and altered his position so that he will be prejudiced, in order to prevent the party not in default from treating the contract as discharged or from declaring the contract discharged, notwithstanding his previous waiver. (5 Page on Contracts, 2d ed., sec. 3040, p. 5369.) It does not appear in this case that appellant's position was altered in any way by respondent's conduct. The vendor was entitled to a reasonable time in which to exercise his right to rescind the contract, and in an action brought against him by the vendee for failure to deliver property of a perishable nature and fluctuating value he ought not to be prejudiced by reason of the fact, if it is a fact, that he gave the vendee four or five additional· days within which to furnish cars, where the latter has not altered his position in reliance upon such extension of time.

The judgment in this case should be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy and Dunn, JJ., concur.