369 P.2d 44

George MORRIS, doing business as Joe's Club, Plaintiff-Respondent,

v.

E. R. HOPPER, Commissioner of Law Enforcement, State of Idaho, Defendant-Appellant.

No. 8985.

Supreme Court of Idaho.

Feb. 20, 1962.

144

Frank L. Benson, Atty. Gen., Will S. Defenbach and Robert Bakes, Asst. Attys. Gen., for appellant.

Vernon Daniel, Payette, Donart & Donart, Weiser, for respondent.

McQUADE, Justice.

George Morris was doing business as Joe's Club in Payette, Idaho, and was the holder of state retail liquor license no. 136. On the ninth day of June, 1960, the plaintiff was advised by the commissioner of law enforcement that he intended to suspend plaintiff's liquor license for a period of 90 days on the ground there was reasonable cause to believe Morris had employed a bartender not having a valid bartender permit (I.C. sec. 23–925) and that he had permitted to open, or caused to be opened, gambling on the premises (I.C. sec. 23–928).

On the twentieth day of June, this action was commenced against the commissioner of law enforcement. Plaintiff alleged in his complaint that he was the holder of retail liquor license no. 136 and that the defendant had served notice of intention to suspend the license. The plaintiff further alleged that he had not violated Idaho statutes by permitting employment of a bartender without a valid bartender's permit, and also alleged that gambling was not permitted to open or caused to be opened on the licensed premises.

Plaintiff requested in his complaint that an order to show cause be issued and that he be permitted to post a bond pending a judicial determination of the case, thereby staying loss of the license. A bond in the sum of $1,000 was posted, and the district judge issued an order to show cause to the defendant whereby the defendant was required to appear and show cause why he should not be restrained from suspending the liquor license of the plaintiff. Pending the determination of the order to show cause, the defendant was restrained from suspending the liquor license.

Defendant's answer denied the materially controverted issues of the complaint. The trial judge entered an order reciting that pursuant to a demurrer and a motion for summary judgment on the pleadings (1) that defendant appeared and had witnesses who offered to testify in support of the commissioner's intention to suspend the plaintiff's license; (2) that no issue had been joined by defendant's answer; (3) that the court refused defendant's offer of proof; and (4) that the defendant would be at a disadvantage with respect to the cross-examination and rebuttal evidence.

The court ordered the commissioner of law enforcement be permanently enjoined from suspending plaintiff's liquor license for cause existing prior to June 6, 1960.

The commissioner of law enforcement has taken this appeal from that order.

I.C. sec. 23–933 provides the commissioner of law enforcement with authority to suspend a liquor license for employment by a licensee of a bartender not having a permit issued by the commissioner of law enforcement; or, for a liquor licensee to open or cause to be opened any gambling in or upon licensed premises.

This statute permits a licensee to have the intended action of the commissioner reviewed in the district court. If in such proceeding the court determines that the licensee has violated provisions of the Retail Sale of Liquor by the Drink Act, then the statute instructs the district court to dismiss the proceeding.

It was the duty of the district court to examine the plaintiff's complaint to determine if there were sufficient grounds upon which to issue a temporary injunction and basis to require the commissioner of law enforcement to show cause why an injunction should not be made permanent. In denying allegations of the complaint and the appended "notice of intention to suspend liquor license no. 136" the issues for the trial court to determine were made sufficiently clear, viz., did the licensee open, or cause to be opened, gambling upon the premises, and did he employ a bartender not having a valid bartender's permit required under I.C. sec. 23–922? These were the same acts which prompted the commissioner to issue notice of intention to suspend the license.

The order of the trial court is reversed, and the cause is remanded for a trial upon the merits.

SMITH, C. J., and TAYLOR, KNUDSON, and McFADDEN, JJ., concur.