383 P.2d 588

**Edward J. NELSON, d/b/a Desert Edge Cafe, Plaintiff-Appellant,**

v.

**E. R. HOPPER, Commissioner of Law Enforcement, State of Idaho, Defendant-Respondent.**

**No. 9192.**

Supreme Court of Idaho.

July 11, 1963.

Vernon K. Smith, Boise, for appellant.

Allan G. Shepard, Atty. Gen., R. La Var Marsh, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Justice.

Appellant, a holder of a State retail beer license instituted this action under the provisions of I.C. § 23–1039, contesting the action of the commissioner of law enforcement who theretofore, had notified appellant of his intention to suspend the license in question because of alleged violation of I.C. § 23–1013. The commissioner's action to suspend appellant's license was not by reason of any prior conviction of appellant, but by reason of the commissioner's determination that appellant had violated the provisions of I.C. § 23–1013. The District court affirmed the commissioner's determination to suspend, and ordered appellant's license suspended for 60 days and this appeal from the judgment was taken.

Appellant who operates a service station, lunch counter and grocery store, near Boise, holds a State retail beer license authorizing the sale of beer on his premises. He primarily operates the business by himself, with one regular employee. On Thanksgiving evening, November 23, 1961, two young men, under the age of 20 years entered appellant's place of business, went to a beer cooler, removed several cartons of beer, left money with a man behind the counter and departed. They could not identify appellant as the man behind the counter. Later that evening they were stopped by a Boise City police officer, who upon finding the beer and cartons, took them to the police station. Investigation revealed the beer had come from appellant's place of business. The Commissioner of law enforcement on the basis of these facts issued the following notice, served by mail on appellant:

"TO: E. J. NELSON, d/b/a DESERT EDGE CAFE, Boise, Idaho.

"NOTICE IS HEREBY given to you and you are hereby informed that the undersigned, Commissioner of Law Enforcement, State of Idaho, has determined that you have violated the provisions of Section 23–1013, Idaho Code, in that on or about the 23rd day of November, 1961, you sold, served or dispensed, or caused to be sold, served or dispensed, beer to a person, or persons, under the age of twenty years.

"NOW THEREFORE, YOU ARE HEREBY INFORMED, that fifteen (15) days after this notice has been personally served on or mailed to you, your Idaho State Retail Beer License No. 1612 will be suspended for a period of sixty (60) days. This action is taken and this notice is given pursuant to Section 23–1038, Idaho Code.

"DONE at the Capitol in Boise, Idaho, this 8th day of January, 1962.
"/s/  E. R. Hopper
"E. R. Hopper, Commissioner
"Department of Law Enforcement
"State of Idaho."

Appellant asserts that this notice was defective in that it did not advise appellant of the names or identity of the alleged minors and failed to comply with the requirements of I.C. § 23–1038 which in part provides:

"If the commissioner's determination is made upon the basis of the licensee's conviction, the notice shall refer to and identify the judgment of conviction, and *when made upon any other basis said notice shall contain a statement of the acts with which the licensee is charged and upon which the commissioner's determination is based, which statement shall be in ordinary and concise language so as to enable a person of common understanding to know what is intended* * * *."* (Italics added.)

The contention of appellant during the trial of this action and upon this appeal is that such notice must meet the requirements of the statute in order that the Commissioner of Law Enforcement act within the authority granted by the statute to suspend or revoke a license. If it fails to comply with the requirements of the statute, such notice is defective and any suspension based on such notice is without authority and ineffective. Particularly it is appellant's claim that this notice, being phrased in the disjunctive, i. e., " in that on or about the 23rd day of November, 1961, you sold, served or dispensed, or caused to be sold, served or dispensed, beer to a person, or persons, under the age of twenty years", fails to recite the acts with which he is charged, and that a person of common understanding could not determine what was intended.

In tracing the development of the present grant of authority by the legislature to the Commissioner of law enforcement to suspend, revoke, or refuse to renew a beer license, we find that the first law in more modern times authorizing the sale of beer, and granting authority to the Commissioner of law enforcement in this field was adopted at the extraordinary session of the Legislature in 1933, S.L. (Ex.) 1933, Ch. 3. Section 8 of that act authorized the Commissioner of law enforcement to revoke or suspend a license upon conviction for a violation of the provisions of the act or laws pertaining to manufacture and sale of intoxicating liquor, and also if the commissioner should find upon examination that the licensee had violated any of the provisions of the act. Section 9 of that act provided that if the Commissioner refused to grant a license or should revoke or suspend a license previously granted, he was to give 15 days written notice of his intended action "giving the reasons therefore," during which period the applicant or licensee could institute appropriate proceedings in district court by the way of an action in mandamus or for injunctive relief.

The 1933 act was repealed by S.L.1935, Ch. 132 which chapter, however adopted a

new "beer" act, and as sections 8 and 9 thereof, re-enacted verbatim the provisions of sections 8 and 9 of the original 1933 act. Excepting the period 1939–1941 [(during which period duties of the Commissioner of law enforcement were conferred on the Tax Commissioner, S.L.1939, Ch. 170, repealed S.L.1941, Ch. 9)], these two sections remained the basis for the procedure governing suspension, revocation or refusal to grant a beer license until 1943. By S.L. 1943, Ch. 167 another provision was incorporated into the beer law by which it was provided the issuer of a retailer's license could revoke the same "if, upon a hearing thereon, after reasonable written notice thereof to the licensee * * * the issuer finds that the licensee has violated any of the provisions of this act, or has made any false material statement in the application for such license. * * *"

In 1947 the legislature extensively amended the "beer" law, (S.L.1947, Ch. 192), which amendments were incorporated with the other laws, in the Idaho Code as Chapter 10 of Title 23. In particular there was added by the 1947 law, another provision dealing with the authority of the Commissioner of law enforcement (S.L.1947, Ch. 192, Sec. 5, pg. 468(11) and I.C. § 23–1013 (11)), couched in language very similar to I.C. § 23–1018. These sections together with I.C. § 23–1019 were repealed by S.L. 1961, Ch. 299, which act adopted the procedure provided by I.C. § 23–1037 and § 23–1038.

It is clear the legislature in 1961, by repealing the previous laws and adopting the new procedural provisions concerning the suspension or revocation of a license, intended a material change. The prior law, (I.C. § 23–1019, now repealed) required the Commissioner to "give * * * fifteen days notice of his intended action, in writing by registered mail, giving the reasons therefor"; also the prior law (I.C. § 23–1011, now repealed) spoke in terms of the issuer of the license revoking the license, "[I]f upon a hearing thereon after reasonable written notice thereof to the licensee * * * the issuer finds that the licensee had violated any of the provisions of this act, etc." The present law (I.C. § 23–1038) speaks in terms of "When the commissioner shall make a determination to revoke, to suspend, or to refuse grant of renewal of license * * * the commissioner shall give the licensee involved written notice thereof, * * *. * * * the commissioner's determination * * * when made upon any other basis said notice shall contain a statement of the acts with which the licensee is charged and upon which the commissioner's determination is based, which statement shall be in ordinary and concise language so as to enable a person of common understanding to know what is intended, * * *".

The term "ordinary", an adjective, has been defined as: "Belonging to what is usual; having or taking into place according to customary occurrence or procedure; usual; normal. Webster's New International Dictionary, 3rd Ed." The term "concise", also an adjective, by some the authority, has been defined as "expressing much in a few words; condensed, brief and compact;—used of style in writing or speaking".

■ Keeping in mind that the commissioner's "determination" is an ex-parte proceeding without any right of a licensee to appear or defend before the commissioner, the present law must be considered as establishing a minimum standard as to what the notice must contain. The statutory notice is in effect his statement of the charges and his determination thereon.

■ It is our view that this particular notice fails to meet the minimum standards established by the legislature as to what the notice must contain. This notice merely recites the Commissioner's "determination" that appellant violated the provisions of I.C. § 23–1013. It does not recite the *acts* with which he is charged, but merely paraphrases the language of the statute, phrased in the disjunctive. The commissioner in his notice wholly failed to identify the "person, or persons, under the age of twenty years", by name, sex, or even by description or other designation. We do not believe that the legislature intended a notice such as this to be considered a compliance with the law when it spelled out with such particularity what the notice should contain.

Respondent, however, asserts that under the decision of this court in Morris v. Hopper, 84 Idaho 143, 369 P.2d 44, by implication at least, the notice in that case was held to be sufficient, and under the authority of that case, he contends the notice he gave is sufficient. In the first place the sufficiency of the notice in that case was not fully presented, and secondly, that case was decided under the provisions of I.C. § 23–933, which merely requires the notice therein provided to be in writing, "stating generally the basis for his intended action." We do not deem that case as forming any basis for resolution of the sufficiency of the notice in the present action.

■ The next problem presented is the effect of such a defective notice, and whether appellant in petitioning the court pursuant to the provisions of I.C. § 23–1039 waived any defect in the notice. In 2 Am. Jur.2d, Administrative Law § 354, pg. 168 it is stated:

"The general principles that all powers of an administrative agency must be exercised in accordance with the statute or other law conferring such power, and that an agency's jurisdiction or authority to act depends upon compliance with the statute vesting power

in the agency, applying in relation to procedural provisions laid down in the statutes governing the agency, at least such as are deemed mandatory and involve matters of substance and not mere technicalities. * * *"

█ As previously discussed, it is our view that the notice served on appellant, was defective. Such defects were not waived by appellant by the filing of his petition for the judicial determination of the Commissioner's action, as provided by I.C. § 23–1039. "A waiver is the intentional relinquishment of a known right. It is a voluntary act and implies election by a party to dispense with something of value or to forego some right or advantage which he might at his option have demanded and insisted upon." Crouch v. Bischoff, 78 Idaho 364, 304 P.2d 646. In the instant action appellant had no alternative, after receipt of the commissioner's notice, but to accept it as final, or proceed, as he did with his petition filed herein. Appellant throughout this proceeding has challenged the validity of the commissioner's notice.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment for appellant, vacating the commissioners determination.

Costs to appellant.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.