639 P.2d 429

**BRAND S CORPORATION,**
**Plaintiff-Appellant,**

v.

**Lloyd A. KING; Dale A. King and Janice King, husband and wife; individually and doing business as King Logging Company, a partnership; and Gloria S. King, Defendants-Respondents.**

No. 13274.

Supreme Court of Idaho.

Dec. 18, 1981.

Bruce H. Greene of Greene & Hunt, Sandpoint, for plaintiff-appellant.

Peter B. Wilson of Wilson & Walter, Bonners Ferry, Everett D. Hofmeister, Coeur d'Alene, for defendants-respondents.

DONALDSON, Justice.

This is an appeal from a jury verdict denying recovery for breach of an alleged logging contract. Plaintiff-appellant Brand S Corporation is a logging and sawmill corporation and defendants-respondents Lloyd A. King, Dale A. King, Janice King, and Gloria S. King, transacted business in the summer and fall of 1974 as a logging partnership. In May 1974, Brand S, through its representatives Saul Hirschberg and Don Plummer, met with the Kings regarding Brand S's plans to build a mill. Also discussed was Brand S's need for logs. As a result of the meetings, the parties entered into an agreement that Brand S would advance the Kings $140,000.00.

A month after the initial meeting, Brand S paid $70,000.00 to the Kings and later that summer made two additional $35,000.00 payments. Before the second payment was made a contract was presented to the Kings for their signature. The five-page contract stated that Brand S "lends" $140,000.00 to the Kings' logging partnership. The contract provided repayment provisions in the form of offering delivery of logs at specified rates to Brand S at the new mill. If these logs were not accepted, the Kings were to sell them elsewhere and withhold money to pay back Brand S. Notwithstanding these provisions, the contract provided the loan was to be repaid at not less than $25,000.00 each month. The Kings signed and returned the contract with an attached letter containing proposed changes to the contract.

After the contract was signed, the lumber market collapsed. In January 1975, Mr. Hirschberg and Don Plummer, representing Brand S, met with Lloyd and Dale King to discuss the situation. Lloyd King testified that at this meeting Don Plummer told him that Brand S was not going to build the mill that year, as planned, and that they would not be able to take the defendant's logs. The defendant also testified that they were told Brand S wanted the parties to do business together in the future, so the Kings should try to save themselves from bankruptcy by selling their logs elsewhere and by forgetting about the $140,000.00 debt. Don Plummer testified that at the meeting Brand S was only exercising its right under the contract to refuse the logs. He stated he did not even recall discussing the $140,000.00.

The Kings did not repay any of the $140,000.00 and Brand S brought suit to recover the money under a breach of contract theory and the Kings counterclaimed for $15,500 that they had advanced to Brand S on a timber sale and also for lost profits. A jury trial was held and they found "that there are no damages to award to either party."

The appellant first alleges that the court erred in denying its motion for a judgment notwithstanding the verdict under I.R.C.P. 50(b). The appellant also alleges error in the trial court's refusal to grant its motion for a new trial under I.R.C.P. 59(a).

■ A judgment n.o.v. should be granted when there is no substantial competent evidence to support the verdict of

the jury. *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 518 P.2d 1194 (1974). However, concerning a motion for a new trial, this Court has stated:

"The substantial evidence standard will not be applied to motions for a new trial even though that motion is usually made at the same time as a motion for judgment n. o. v. This Court has long adhered to the principle that the granting of a motion for a new trial is within the discretion of the trial court and will not be reversed without a showing of abuse of discretion." *Id.* at 736, 518 P.2d 1194.

The decision concerning a new trial is properly left to the discretion of the trial court but it is the duty of this Court to review the record to determine if the judgment n. o. v. was properly denied. Therefore, it is necessary to determine if there was substantial competent evidence supporting the verdict of the jury.

A review of the evidence shows the respondents admitted signing the contract and admitted not repaying the loan. Therefore, in order for the respondents' to prevail on the appellant's motion for a judgment n. o. v. there must be sufficient evidence to prove one of the four affirmative defenses that was pleaded by the respondents and set out in the jury instructions. These defenses that were relied upon by the respondents to show an excuse of performance are modification, waiver, impossibility of performance and estoppel. Since the jury verdict was general, and the basis of the verdict unknown, it is necessary to separately examine each of the defenses to determine whether the evidence was sufficient to sustain the verdict.

■ Before examining the evidence it must be noted that upon a motion for a judgment n. o. v. the moving party admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom. *Mann, supra; Nafus v. Campbell*, 96 Idaho 366, 529 P.2d 266 (1974). Therefore, because the moving party admits the truth of the adverse evidence, in determining its sufficiency we will not examine any conflicting evidence that was presented by the appellants to refute the claims of waiver, modification, impossibility or estoppel.

The evidence in support of the respondents' claim of waiver or modification was that in January of 1975 Saul Hirschberg and Don Plummer, representing the appellant, met with Lloyd and Dale King. Lloyd King testified that Don Plummer told the respondents, "just to save ourselves, do the best we could, forget about the $140,000 and proceed to try and stay solvent."

■ The respondents state that this evidence was sufficient to establish that the contract was modified. However, consideration is required for modification. *Dashnea v. Panhandle Lumber Co. Ltd.*, 57 Idaho 232, 64 P.2d 390 (1937); *Liberty Mutual Fire Insurance Co. v. Hubbard,* 275 Or. 567, 551 P.2d 1288 (1976). This Court recently determined in *Massey-Ferguson Credit Corp. v. Peterson*, 102 Idaho 111, 626 P.2d 767 (1981), that a similar promise, one to forego immediate repossession of collateral, did not constitute an enforceable contract because no consideration ran from the debtor to Massey-Ferguson in support of that promise. This Court said, "the general rule is well stated to the effect that where a party merely does that which in law he is bound to do, he cannot demand any additional pay therefor, and if he obtains an additional promise from the other party, it is nudum pactum and unenforceable." *Id.* at 775.

■ The respondents offered no evidence of any consideration given in exchange for the appellant's alleged promise to forego collection. Even when the evidence in favor of the respondents is considered as true, the essential element of consideration is still missing. Therefore, the evidence was insufficient to sustain the verdict on the theory of modification.

Concerning impossibility of performance, there was no evidence introduced to support this defense. The respondents' waiver and estoppel theories are also inadequate because, again, the respondents have failed to establish all the elements of either affirmative defense.

■ Waiver is a voluntary, intentional relinquishment of a known right or advantage. *Nelson v. Hopper,* 86 Idaho 115, 383 P.2d 588 (1963); *Crouch v. Bischoff,* 78 Idaho 364, 304 P.2d 646 (1956). Waiver does not necessarily depend on any new or additional consideration. *Hawkins v. Smith,* 35 Idaho 349, 205 P. 188 (1922); *Whitmire v. Zolbe,* 403 P.2d 445 (Okla.1965). *See Idaho Bank of Commerce v. Chastain,* 86 Idaho 146, 383 P.2d 849 (1963) (waiver arising out of conduct partakes of the nature of estoppel, and no consideration is necessary).

■ Even though consideration is not necessary to establish a waiver, it must appear that the adversary party has acted in reliance upon such a waiver and altered his position. *Hawkins, supra.* The respondents offered no testimony that they had relied to their detriment on the appellant's alleged waiver of right to collect the $140,000 loan. In fact, Lloyd King testified that within a week of the January meeting he was attempting to find a way to repay the money. No evidence supported the change of position required to make a waiver binding.

■ The final possible basis for the jury verdict was similarly unsupported by the evidence. A party seeking to avail himself of the doctrine of estoppel must show that: detriment suffered in reliance was substantial in an economic sense; substantial loss to the promisee acting in reliance was or should have been foreseeable by the promissor; and promisee must have acted reasonably in justifiable reliance on the promise as made. *Smith v. Boise Kenworth Sales, Inc.,* 102 Idaho 63, 625 P.2d 417, 422 (1981), *citing Mohr v. Shultz,* 86 Idaho 531, 540, 388 P.2d 1002, 1008 (1964).

■ As noted above, the promisee must act reasonably and in reliance on the representation of the promisor. The respondents submitted no evidence, reasonable or otherwise, showing action in reliance on the appellant's alleged promise. Because the record is void of evidence indicating that the respondents in any way changed their position as a result of the alleged representation and suffered a detriment as a result thereof they cannot avail themselves of the doctrine of promissory estoppel. *See Idaho Title Co. v. American States Ins. Co.,* 96 Idaho 465, 531 P.2d 227 (1975).

In summary, the evidence produced at trial clearly showed that a written agreement was entered into by the appellant and the respondents. This agreement stated that the appellant was loaning $140,000 to the respondents, and the respondents promised to repay the total amount according to the rate set out in the contract. The respondents breached this agreement by refusing to repay any of the money. Only the affirmative defenses presented to the jury could justify excused performance by the respondents. As set out above, the affirmative defenses submitted were unsubstantiated by the evidence. Therefore, the jury verdict was unsupported by sufficient and competent evidence and the district court erred in not granting the motion for a judgment n. o. v.

I.R.C.P. 50(d)[1] allows this Court, upon a finding that the denial of the motion for n. o. v. should be reversed, to direct the trial court to determine whether a new trial should be granted in favor of the respondent. The appellant has already had the opportunity to argue for a new trial and this rule now allows the respondent to present his grounds for a new trial in the event his verdict is set aside by this Court. *Neely v. Martin K. Eby Construction Co.,* 386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967).

■ Even though the respondents have not yet alleged grounds for a new trial, we hold that this does not constitute a waiver.

1. "Rule 50(d). Denial of motion.—If the motion notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted."

I.R.C.P. 50(d) does not require the respondent to assert grounds for a new trial before the appeal or on the appeal. While discussing Federal Rule 50(d), which is identical to the Idaho rule, the U. S. Supreme Court stated that "if the appellee presents no new trial issues in his brief or in a petition for rehearing, the Court of Appeals may, in any event, order a new trial on its own motion or refer the question to the district court, based on factors encountered in its own review of the case." *Neely, supra,* 386 U.S. at 329, 87 S.Ct. at 1080, 18 L.Ed.2d at 84.

The respondents obtained a jury verdict in their favor, and therefore, the trial judge has never ruled as to whether they should be granted a new trial as to their counterclaims or any errors that may have occurred during trial which denied them their right to adequately present a defense. We do not wish to foreclose them of this right. Therefore, we order the judgment reversed and the cause remanded with directions to enter a judgment for the appellant unless the respondents, within a time and under conditions to be fixed by the district judge, meet the requirements for a new trial under I.R.C.P. 59(a) in which event the judgment shall be entered accordingly.

Reversed and remanded with directions.

Costs to appellants.

BAKES, C. J., McFADDEN and SHEPARD, JJ., concur.

BISTLINE, J., sat but did not participate.