697 P.2d 453

**Stan HUFF, dba Teton Basin Land Office, Plaintiff-Appellant,**

v.

**Art RAMMELL and Pearl Rammell, husband and wife, Defendants-Respondents.**

**No. 14846.**

Court of Appeals of Idaho.

Feb. 27, 1985.

Rehearing Denied April 12, 1985.
Petition for Review Denied
May 29, 1985.

W. Brent Eames, Rexburg, for plaintiff-appellant.

J.D. Hancock, Rexburg, for defendants-respondents.

Before HUNTLEY, Acting C.J., and McFADDEN and TOWLES, Acting JJ., Special Panel.

TOWLES, Acting Judge.

On April 25, 1980, appellant, Stan Huff, and respondents, Art and Pearl Rammell, entered into a real estate employment contract. The contract gave Mr. Huff an exclusive listing of the Rammells' property, some 240 acres of farm land. The contract was to expire December 25, 1980. The listing agreement's terms state that Mr. Huff was to find a buyer ready, willing, and able to purchase the Rammells' property, which was to be sold at $144,000, with $30,000 down, with the remainder to be paid in fifteen annual payments at nine percent interest. An additional term stated that in order for a buyer to get a partial release of any acreage being purchased, the buyer was to pay the Rammells $600 per acre over and above the annual payment. The agreement provided for a commission to Mr. Huff of eight percent of the selling price.

In October 1980, Mr. Huff presented the Rammells with an offer to purchase from Thomas and Marian Jacobsen. The Jacobsen offer met the terms called for in the listing agreement with two exceptions: the Jacobsens offered to pay eight and one-half percent interest on the unpaid balance and only $200 per acre over and above the annual payment in order to get property released. On October 13, 1980, the Rammells rejected this offer, since it did not meet all the terms specified in the listing agreement. In addition, the Rammells told Mr. Huff they were unilaterally terminating their employment agreement with him.

In a letter dated October 30, 1980, Mr. Huff stated that he still considered the listing agreement as "valid and in effect" even though he had received the Rammells' termination notice, and submitted there-with a second offer to the Rammells from the Jacobsens, which offer was dated October 17, 1980.

The second offer was identical to the terms specified in the listing agreement and, after more than six weeks, the Rammells decided to accept it. Upon notifying Mr. Huff of their intent to accept, Mr. Huff informed the Rammells that they were too late because the Jacobsens had already withdrawn the second offer about two weeks earlier. Thereafter, the Rammells were willing to sell on the terms indicated in the listing agreement, but Mr. Huff failed to find any other interested buyer.

After the listing agreement expired on December 25, 1980, Mr. Huff filed suit to recover his sales commission. A jury trial was conducted resulting in a verdict for the Rammells. The district court denied Mr. Huff's motion for directed verdict and also refused to grant him judgment notwithstanding the verdict.

█ Mr. Huff's complaint asserted his right to recover his commission on the basis that he had procured a buyer ready, willing, and able to buy the Rammell property on the terms set forth in the listing agreement. The Rammells asserted as an affirmative defense that they had terminated Huff's contract prior to the time that he procured a buyer.

The listing agreement provided in part: THIS LISTING IS AN EXCLUSIVE LISTING and you hereby are granted the absolute, sole and exclusive right to sell or exchange said described property. In the event of any sale by me or any other person, exchange or conveyance of said property, or any part thereof during the term of your employment, or in case I withdraw the authority hereby given prior to the expiration date, I agree to pay the said commission just the same as if the sale had actually been consummated by you.

Unilateral termination of the listing agreement renders the seller obligated to pay the broker's commission at that time.

Absent payment, the attempted termination is ineffective. Here, the evidence conclusively shows as a matter of law that no completed termination occurred.

The Rammells respond, however, that even if they did breach this provision of the listing agreement, Mr. Huff waived the breach by subsequent conduct. We disagree.

The district court erred in submitting the issue of waiver to the jury because Mr. Huff's conduct was always consistent with his assertion of the right to collect his commission. There is no evidence which indicates Mr. Huff waived his right to the commission.

■ Even had there been a waiver at one stage by Mr. Huff, the party asserting the waiver must show that he has acted in reliance upon such a waiver and reasonably altered his position to his detriment. *Brand S Corp. v. King*, 102 Idaho 731, 734, 639 P.2d 429, 432 (1981); *Scott v. Castle*, 104 Idaho 719, 725, 662 P.2d 1163, 1169 (1983). Only after such reliance and alteration of position may a party use the waiver as a defense to performance.

Here, there is no evidence that the Rammells detrimentally relied on any purported waiver by Huff. After the Rammells attempted to terminate the contract, Mr. Huff continued to perform his obligation to seek a buyer. When a subsequent offer was obtained by Huff and forwarded to the Rammells, they attempted to accept it, thus attempting to avail themselves of his subsequent services.

Under the terms of the Listing Agreement, Huff was entitled to be paid his commission if he produced a buyer "ready, willing, and able to enter into a deal for said price and terms" (referring to the price and terms seller agreed to accept in the Listing Agreement). The uncontroverted evidence as a matter of law establishes that Huff fully performed his obligations under the contract. Therefore, there were no issues of fact to submit to the jury and the trial court should have entered a directed verdict at the close of all the evidence or granted Huff's motion for a judgment notwithstanding the verdict.

We therefore reverse and remand to the district court with instructions that judgment notwithstanding the verdict be entered in favor of Huff for the sum of $11,520 and interest, together with attorney's fees and costs both at the trial and appellate levels in accordance with the terms of the Listing Agreement. The trial court shall fix the attorney's fees both at the trial and appellate level.

HUNTLEY, Acting C.J., and McFADDEN, Acting J., concur.