701 P.2d 311

Douglas S. CLARK and Pamela J. Clark, husband and wife, Plaintiffs-Appellants,

v.

George ENNEKING, Defendant-Respondent.

No. 15149.

Court of Appeals of Idaho.

May 31, 1985.

William H. Foster, Grangeville, for plaintiffs-appellants.

Reed Clements (argued), Lewiston, Michael Paul Wasko, Nezperce, for defendant-respondent.

WALTERS, Chief Judge.

Douglas and Pamela ·Clark brought suit in the magistrate division against George Enneking, seeking recovery for damages allegedly sustained when Enneking disrupted the Clarks' sewer service. A jury found for Enneking. Judgment was entered accordingly and the Clarks appealed to the district court. The district court affirmed. On appeal from the district court, the Clarks contend the magistrate court erred by denying their motion for a judgment notwithstanding the verdict and by excluding certain evidence offered by the Clarks, regarding damages. We affirm.

The Clarks hired Enneking, a contractor, to lay water and sewer lines to their new house in the City of Cottonwood. A city sewer line was located in the adjacent street, but the line ended some distance away from the Clarks' property. It is undisputed that city officials told the Clarks they would need to pay for and install an eight-inch sewer line in the street from the end of the existing city sewer to a point near the Clarks' property. At that point a manhole would be required. A four-inch line would be required from the Clarks' house to the manhole. The Clarks disagreed with the city over whether it could require them to pay for the eight-inch line and manhole in the city street (hereinafter the street segment).

Enneking was unaware of this dispute between the Clarks and the city. He was asked by Mr. Clark to furnish an estimate for installation of both water and sewer lines meeting the city's specifications. Enneking testified that after he provided the estimate Clark asked him to go ahead with the project. After the work was completed, the Clarks refused to pay Enneking for that portion of the bill attributable to the street segment and informed Enneking that he should seek payment of the remaining balance from the city. Thus, at trial there was evidence that the Clarks had contracted for the entire line to be built, but there was other evidence they had requested Enneking to install only the line from their house to the street.

Many months after the line was installed, when Enneking's repeated attempts to collect from the Clarks failed, he notified the Clarks he would disconnect their sewer service if the bill was not paid. The same notice was given to the city. The Clarks refused to pay and Enneking disconnected the sewer line between the Clarks' house and the city's sewer line, at a point beyond the Clarks' property line. The disputed evidence arguably could be viewed to show that the city gave Enneking permission to dig up the line or, at least, that the city took no action to interfere.

The Clarks instituted suit in the magistrate division of the district court seeking damages for loss of use of their property. They also sought attorney fees and punitive damages. The case was tried to a jury. The jury rendered a verdict in favor of Enneking and judgment was entered accordingly. Following denial of their motion for a judgment notwithstanding the verdict, the Clarks appealed to the district court. The district court affirmed the magistrate's judgment. On appeal to this court, the Clarks again argue that the magistrate erred by denying their motion for judgment notwithstanding the verdict.[1]

The verdict returned by the jury was a general finding in favor of Enneking, but the jury instructions detail the specific findings the jury must have resolved, in Enneking's favor, in order to return a verdict in his behalf. Instruction No. 11 stated:

You are advised that the section of transite pipe removed by the defendant either belonged to the City of Cottonwood, the plaintiffs, or the defendant.

If you believe the pipe which was removed belonged to the City of Cottonwood, then you are advised that the defendant had no right to remove it and you must find for the plaintiffs and turn to my instructions on damages.

If you find that the City did not own the pipe which was removed, then you must determine whether or not a contract existed between the parties and who owned the pipe pursuant to such contract.

An implied contract existed if you find that the parties intended, according to the ordinary course of dealing and common understanding, to enter into a contract. If you find that the parties intended to enter into a contract, then you must determine whether the contract was for the defendant to construct a sewer line from the plaintiff's house to their property line or from the plaintiff's house to the existing city sewer line.

If the contract between the parties was for a sewer line from the plaintiff's house to the existing city sewer line, then the pipe removed belonged to the plaintiffs and the defendant had no right to remove it, unless the contract was repudiated by the plaintiffs. If the plaintiffs owned the pipe you should find for them. If the contract was repudiated then the plaintiffs did not own the pipe, and the defendant had some proprietary interest in the pipe.

If, however, you find that the contract between the parties was only for a sewer line from the plaintiffs' house to their

1. The Clarks also argue briefly that the magistrate should have directed a verdict as to Enneking's liability. At no point does the record indicate the Clarks made a motion for a directed verdict. We decline, therefore, to discuss this issue on appeal.

property line, then the defendant did have an interest in the pipe which was removed. If, after weighing the defendant's proprietary interest in the removed pipe against the plaintiffs' interests in having a sanitary and functioning sewer system, you find that the defendant's actions were justified, then you should find for the defendant. If, however, you find that the defendant's actions were not justified, in spite of his proprietary interest, then you should find for the plaintiffs and turn to my instructions on damages.

Thus, in order to return a verdict in favor of Enneking, the jury must have found that Enneking and not the Clarks had a proprietary interest in the section of sewer line that was severed.

■■■ A motion for judgment notwithstanding the verdict should not be granted if there is substantial, competent evidence to support the jury's verdict. *Smith v. Great Basin Grain Company*, 98 Idaho 266, 561 P.2d 1299 (1977). Further, the moving party admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom. *Brand S Corporation v. King*, 102 Idaho 731, 639 P.2d 429 (1981). Our search of the record reveals substantial, competent evidence to support the jury's verdict. For example, the evidence would support a finding by the jury that the Clarks did contract with Enneking to have the entire sewer line installed. The jury could also have found reasonably that the Clarks simply breached the contract by refusing to pay the entire cost of the installation. There was also evidence, however, that the Clarks repudiated that part of the contract for installing the street segment of the project. By the Clarks' own testimony they decided—after Enneking had already commenced work on the street segment but before payment was due—that they would not pay for that segment of the project. They also took the position, at other times, that they had made no contract with Enneking to construct the street segment of the sewer. There was some testimony that Mr. Clark had requested Enneking to lay the four-inch line from the house to the Clarks' property line so that "back filling" around the house could be completed before winter. Thus, there was evidence that the Clarks had never contracted for, or that they had repudiated any contract for, the street segment of the sewer.

■ The Clarks also have argued that by giving instruction No. 11 the trial court deprived the jury of the opportunity to consider plaintiffs' theory of recovery. At the time of trial, however, the Clarks' objection to the court's proposed instruction No. 11 was that

> it is a question not of fact but of law as to who owned the pipe. ... The instruction permits the jury to make a decision as to what the law is; that is, what was the ownership of the pipe. This is not a question of fact.

The Clarks had alleged in their complaint that Enneking destroyed a section of sewer line belonging to the city without the city's permission. The Clarks, in fact, provided at least three instructions to the court by which the court would have instructed the jury, as a matter of law, that the sewer within the highway right-of-way was not owned by Enneking but was owned by the City of Cottonwood. These instructions were not given. Through the court's instruction No. 11, the jury was permitted to determine who owned the street segment of the line where the cut was made by Enneking. It was not shown at trial that the City of Cottonwood claimed ownership of the sewer line. There was evidence that Enneking notified the city he intended to remove the line and then he did so with the city's apparent acquiescence. There was also evidence, admittedly disputed, that neither the city nor the Clarks recognized any contract for the construction of the street segment and that city officials disclaimed ownership of it. Under these circumstances, we hold that the trial court did not err in submitting the question of its ownership to the jury.

■ Because the ownership of the sewer line was placed directly in issue by the

Clarks, they cannot later claim the trial court erred by presenting that basis of liability to the jury. Nor are we convinced, because the jury implicitly found Enneking owned the damaged sewer line, that the uniform commercial code—sales, I.C. § 28-2-101 et seq., controls to limit the remedies available to Enneking. We agree with the magistrate that this was a contract for services and not a sale of goods. *See cases cited at* ANNOT., 5 A.L.R. 4th, § 4(b) 510 (1981). That conclusion is not necessarily inconsistent with a determination of ownership in the limited goods involved.

[7] The Clarks have argued that the trial court erred by not giving their proposed instruction stating what the plaintiffs' contentions were in this law suit. The trial court declined to instruct the jury on the parties' contentions at the close of the trial, because he believed the attorneys could present their respective contentions to the jury during closing arguments in a less confusing way. We hold this was within the trial court's discretion, and that there was no abuse of discretion.

Because the jury's verdict is supported by substantial, competent evidence, the magistrate did not err by denying the Clarks' motion for a judgment notwithstanding the verdict. Furthermore, because we uphold the jury's determination that Enneking was not liable to the Clarks, it is unnecessary to discuss Clarks' contention that the trial court erred in excluding evidence relating to Clarks' alleged damages.

Enneking asks for attorney fees on appeal. Because we cannot say the appeal was brought frivolously, unreasonably or without foundation, we decline to make such an award. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). The order of the district court, upholding the judgment entered by the magistrate, is affirmed. No attorney fees on appeal. Costs to respondent, Enneking.

SWANSTROM, J., concurs

BURNETT, J., concurs in the result.